Lawrence, J.
In this case I think there was such an actual taking of the bonds into the possession of the sheriff as to satisfy the statute. The allegation in the sheriff’s affidavit is that, after a long consultation between himself and his counsel and the counsel representing the defendants and the counsel for the Central Trust Company, it was decided that the bonds in question should be placed in “ my view, and that I should thereupon take them into my possession and levy upon them ; that I should then return them to the Central Trust Company, to be held by said company as my depositary; that the said decision, however, was not arrived at until after I had threatened that, in case the trust company still refused to deliver to me the bonds in question, that I would break open the safes of the company and forcibly take possession of the bonds.” This allegation is not denied in the affidavit of the plaintiff’s counsel.
If the sheriff saw ñt to take the risk, it seems to me that after having made that levy he could place the bonds in the custody of the trust company as his depositary. It also appears by the affidavit, that at the time this arrangement was arrived at, the persons who claimed to be the owners of the bonds, through their counsel, gave notice to the sheriff that he would be held responsible for any damages that might ensue to the owners of the bonds from the depreciation in their value during the time they were held by him, *385 in virtue of the aforesaid levy. That the next day he was served with a formal notice of claim—that he thereupon demanded a bond of indemnity from the plaintiffs and that several sureties were offered to him, and that from June 28, 1887, to the day of settlement, the said bond had not been given to him, although there liad been many conversations, between the attorneys relative to the giving of said bond.
In the case of Warner v. Fourth National Bank (44 Hun, 374), the sheriff did not take the securities into his actual custody at the time that lie served the warrant of attachment. In Anthony v. Wood (96 N. Y.), no levy was made under the warrant, and the note was only delivered to the sheriff upon the order of the court. Herein I think consists the distinction between this case and the cases above referred to. The sum of $200 would, I think, be a fair “ additional ” compensation for the sheriff under section. 3307 of the Code of Civil Procedure.